Michael P. Thorman, State Bar No. 63008
BONJOUR, THORMAN, BARAY & BILLINGSLEY
24301 Southland Drive, Suite 312
Hayward, CA 94545
(510) 785-8400

Attorneys for defendant
Sufian Al-Khalidi

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>SUFIAN AL-KHALIDI, et.al.,<br><br>                    Defendants.<br>_____ / | No.:   CR 07-00126 DLJ<br><br>DEFENDANT'S MOTION TO EXCLUDE CO-CONSPIRATOR STATEMENTS UNLESS THE GOVERNMENT MAKES THE REQUISITE SHOWING FOR EACH STATEMENT BY A PREPONDERANCE OF THE EVIDENCE<br><br>Date:   September 19, 2008<br>Time:   11:00 a.m. |

**INTRODUCTION**

At the time of this writing, defendants Hassan Swaid, Sufian Al-Khalidi, and Rosemont Wholesale, Inc, among others, are charged in Count 1 of the Indictment with conspiracy in violation of 18 U.S.C. § 371 to commit fraud in violation of 18 U.S.C. § 1341 and interstate transportation of stolen goods in merchandise in violation of 18 U.S.C. § 2314. The same defendants and others are also charged in Count 9 of the Indictment with engaging in financial transactions which represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1956(h). In each case, the conspiracy is alleged to have commenced in or about January 2002 and continuing until January 2007.[1]

---

[1] This prefatory statement is qualified by the words "at this time" because the government has advised counsel of its intent to supercede the present indictment. Defense counsel does not know precisely how a superceding indictment will change the present charges.

1

At present, defense counsel is not in possession of any statement, as that term is defined in FRCrP 26.2(f), of any witness. However, summaries of conversations between federal agents and some witnesses suggest there are some persons who may be called by the government that might testify to hearsay statements that the government would seek to introduce under the co-conspirator exception to the hearsay rule. (FRE 801(d)(1)(E)). Additionally, recent proceedings involving other defendants in this indictment suggest that there are defendants in this case who may be testifying against defendants Swaid, Al-Khalidi, and/or Rosemont and such testimony may include hearsay which will be offered under the co-conspirator exception to the hearsay rule.

In order to protect the defendants' rights under the 5th, 6th and 8th amendments to be tried only on admissible evidence, defendants ask the Court to preclude any witness from testifying about co-conspirator statements until the government has made the initial showing required by *Bourjaily v. United States*, 483 U.S. 171 (1987) and its progeny.

**ARGUMENT AND AUTHORITIES**

"Before admitting [a statement under Rule 801(d)(1)(E)], a Court must determine by a preponderance of the evidence that there was a conspiracy between the declarant and the offering party, and that the statement was made 'in the course of and in furtherance of the conspiracy." *United States v. Vowiell*, 869 F. $2^d$ 1264, 1267 (9th Cir. 1987) (citing *Bourjaily*, 107 S. Ct. at 2779). "In determining whether the proponent has made a showing sufficient to permit the introduction into evidence of the co-conspirator's statement, the District Court must bear in mind that out-of-court statements are presumptively unreliable." *United States v. Silverman*, 861 F. $2^d$ (571, 578 (9th Cir. 1988). "Although co-conspirator hearsay statements maybe used to prove the preliminary facts of the conspiracy and the defendant's involvement in it, the government can not rely solely on those statements: there must be evidence, beyond the statements, to demonstrate by a preponderance of the evidence the conspiracy and the defendant's connection to it." *United States v. Tamez*, 941 F $2^d$ 770, 774-775 (9th Cir. 1991).

them, are not made "in furtherance" of a conspiracy. *United States v. Layton*, 720 F. 2d 548, 556-557 (9th Cir. 1983), and *Cert. denied*, 465 U.S. 1069, 104 S. Ct. 1423, 79 L.Ed. 2d 784 (1984) (narrations of past events inadmissible while expressions of future intent *are* admissible); *United States v. Eubanks*, 59 F. 2d 513, 521 (9th Cir. 1979). Rather, to be "in furtherance," the statements must further the common objectives of the conspiracy or set in motion transactions that are an integral part of the conspiracy. *Layton, supra*, 720 F. 2d at 556. Otherwise, the statements do not fit within a firmly rooted hearsay exception and their admission would violate the confrontation clause. *Bourjaily, supra,* 483 U.S. at 183 ("co-conspirator's statements *when made in the course and in furtherance of a conspiracy,* have a long tradition of being outside the compass of the general hearsay exclusion." (Emphasis added.)

While this motion is being filed jointly on behalf of three defendants, it is important to remember that the rights asserted here are individual to each defendant. Thus, a statement of a conspirator maybe admissible against Swaid but not against Al-Khalidi, or vice versa. In order to protect the defendants' rights to due process and to confrontation of witnesses, it is imperative that the Court fulfill its obligation under *Bourjaily* and require the government to prove that each and every co-conspirator statement is admissible, and as to which defendant it is admissible, before allowing testimony about it.

## CONCLUSION

For the foregoing reasons, defendants Swaid, Al-Khalidi and Rosemont respectfully that the Court require the government to prove the admissibility of co-conspirator statements by a preponderance of the evidence before the jury hears the statement.

Dated:                                                  Respectfully submitted,


                                                        /s/
                                                        Michael P. Thorman

3